J1 re-hearing was granted in the above case, and the foregoing opinion suspended, until the 2 6th of April, 1831, when the following additional opinion was delivered:
.Tudge Underwood
delivered the opinion of the court.
In this case a re-hearing was granted upon a single point; and that is, whether an order of publication certified by the Editors of a newspaper, as having been inserted two months, is valid. However this question may be decided, the original opinion must stand, because upon the merits of the claim of Woods’ heirs, especially as against Brown, their bill •ought to have been dismissed. As the above question is one of great practical consequence, we shall proceed to discuss it more at large than was done in the ■opinion under review.
Words, when printed and published, naturally suggest to the mind of the reader two ideas, relative to ’’heir production in the form exhibited;y first, their an- *18 thor; second, the printer of them. The author is fW person whose mind composed the words, sentences, and ideas, which have been impressed by printing up-onpaper, for the purpose of giving them publicity. The printer is the person whose mechanical skill has, means of the type, and printing press, &c.) Stamped upon the paper the words, sentences, and ideas of the author. There is an intermediate personage,of" ten connected with the-business of printing, who may not furnish, as the production of his mind, the words, sentences, and ideas, to be printed, and who may not set the type or work the press, but who superintends the corree ion of the proof sheet of the printer, and who, in regard to the publication of a newspaper, selects the matter proper for publication. Such a person cannot, with strict propriety, be denominated either author or printer: but as contra-distinguished from these, he is properly called an editor. It is possible, that one man may perform the various duties of author, editor, and printer. But it is not generally done. The advantages resulting from the division of labor are such, that in the printing business, authors, editors, and printers,' generally have their appropriate and separate departments to superintend. An editor may, and frequently does,, furnish original matter for publication; but it is not indispensable to his character that he should do so. Now, our act of assembly regulating the manner of certifying orders of. publication, against absent defendants, requires, “a certificate of the printer in whose paper the order shall have been published,” &c. (I. Digest, 61), Such certificate from the, printer, according to the letter of the act, is made evidence of the fact. Will the certificate of an editor prove the same fact? The lan-‘ guage of the legislature requires something more than a certificate of ih- printer. If it did not, an apprentice, a journeyman, or even a slave, might, by hiscer-' tificate, furnish the requisite proof, for all these might be printers, in the strict sense of the term.
Additional opinion.
The statute requires ordtion^avainst" •absent defen-danta,toba certified by the order has' been publish-. ed >>
*18 The art only gives validity to the certificate of “the printer,inwhose paper the order shall have beenpub lishe d /" and when the addition, by way of pointing out the particular printer intended, is considered, the law means most obviously, a printer having an interest, as owner of the paper in which the order is published, • *19 'Printing is one of the most important trades conducted by men; and those who follow the business for a livelihood, and set up printing establishments, and are responsible, as owners, for the publications made, are those who, by the act of assembly, may give rertifi-cates entitled to credence. Being-owners, if employ authors to furnish original arlkles, editors to superintend, and journeymen to set the ty pe and work the press, and thus, by means of the services of others, cause the business to be carried on, they may, with propriety, be denominated printers,although the manual and mental labor pertaining to the establishment may be performed by others. Such proprietor is a printer, in contemplation of the act of assembly, according to the maxim, qui facit per alium,fácil per se.
Ordersofpuf;, {jecertífiTb* theCprinter proprietor of the newspn-they'were^11 published,,
Order of pub-fled by'ane*:tor, is insufficient.
And theseproprietors of the newspapers authorized by law to insert chancery orders, are the proper persons to give the certificate required. The certificate should always show upon its face, that it was given by an authorized person. If this is not shown, the evidence of fact required by law is not furnished, and therefore, in all cases, it would be advisable for printers to commence their certificates, by styling themselves, proforma, ‘‘ printers and proprietors of the newspaper denominated the Kentuckian, &c.”
From the foregoing view of the subject, we are of opinion, that the certificate of an editor is no compliance with the act of assembly. He may have no interest whatever in the newspaper. He may be in the pay of the printer, and may, not be responsible to the public, as the owner and proprietor would be. He is therefore net the person contemplated by the act of assembly. As the act designates another to furnish the evidence upon which the courts may rely for the the truth; arid as the rule is, that there must be a strict adherence to the letter of the law, in cases of constructive service of process, we have concluded to modify so much of the former opinion as tends to legitimate the certificates of editors. It belonged to the legislature to prescribe who should certify orders of publication: we disclaim the right to legalize any substitute. The case of Blight’s heirs vs. Banks, &c„ referred to in the former opinion, induced us to regard the certificate of an editor as sufficient.; but on *20 re-consideration, as the point was not expressly decided in that case, we have become satisfied, that no latitude of construction should be indulged, and that we are bound to require, in all cases, the certificate of the printer in whose paper the order has been inserted.
Daveiss and Cunningham, for the plaintiffs.
Kote. — Chief Justice Robertson did not sit in this case.